**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 1546 PENSION FUND | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Judge |
| NICHOLAS QUALITY MEATS | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT FOR WITHDRAWAL LIABILITY**

Plaintiff, the Board of Trustees of the United Food and Commercial Workers Union Local 1546 Pension Fund ("Pension Fund"), by its attorneys, Librado Arreola and Alexander Isaac Rosenthal of Asher, Gittler & D'Alba, Ltd. complain against Defendant, Nicholas Quality Meats ("Employer") and state as follows:

**JURISDICTION AND VENUE**

1. This is an action for the collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. § 1001-1461 ("ERISA").

3. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 1451(c).

4. Venue in this Court is proper pursuant to 29 U.S.C. § 1451(d).

## PARTIES

5. Plaintiffs are the Trustees of the United Food and Commercial Workers Union Local 1546 Pension Fund. The Fund is a multiemployer pension plan with in the meaning of 29 U.S.C. § § 1002(37) and 1301(a)(3).

6. The Board of Trustees of the Pension Fund is the Plan Sponsor and the Plan Administrator of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10)(A). The Plan is administered from 1649 West Adams Street, 3rd Floor, Chicago, Illinois 60612.

7. The Trustees, as fiduciaries of the Pension Fund, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting pension withdrawal liability.

8. The Employer is an Illinois Corporation whose address is 908 West Randolph Street, Chicago, IL 60609.

## COUNT I
## COLLECTION OF DELINQUENT WITHDRAWAL LIABILITY

9. The Employer is an "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

10. The Employer was subject to collective bargaining agreements, executed between itself and the United Food and Commercial Workers Local 1546 (the "Union").

11. Pursuant to these collective bargaining agreements, the Employer was required to make contributions to the Pension Fund on behalf of its employees.

12. The Pension Fund has determined that the Employer ceased to have an obligation to contribute to the Pension Fund during the Plan Year ending August 31, 2016.

13. Pursuant to 29 U.S.C. § 1383, the Employer has effected a "complete withdrawal" from the Pension Plan and is responsible for its portion of withdrawal liability.

14. Pursuant to 29 U.S.C. § 1381(b), the Pension Fund calculated the amount of the Employer's withdrawal liability as $38,812.00, payable in either one lump sum or in 29 quarterly payments of $1,385.00.

15. On October 13, 2016, the Pension Fund sent a Notice and Demand for the payment of withdrawal liability pursuant to 29 U.S.C. § 1399. The Notice informed the Employer of the amount of liability, schedule for payments, and demanded the first payment on December 15, 2016, sixty days from the date of the Demand. See Exhibit A.

16. Pursuant to 29 U.S.C. § 1399(c)(2), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or appeal.

17. The initial quarterly payment due December 15, 2016 was not made.

18. Pursuant to 29 U.S.C. § 1399(c)(5), the Pension Fund requires, in the event of a default, immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability.

19. Pursuant to 29 U.S.C. § 1399 (b)(2)(A), an employer has 90 days after receipt of the Notice and Demand to ask for a review of the calculation of withdrawal liability.

20. Pursuant to 29 U.S.C. § 1401(b), if an employer does not dispute the calculation of withdrawal liability and request arbitration to resolve the dispute, the amounts demanded by the plan sponsor are due and owing on the schedule set forth by the plan sponsor.

21. At no point after the Notice and Demand sent on October 13, 2016 has the Employer requested a review of the withdrawal liability calculation under 29 U.S.C. § 1399.

22. As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and the Employer is now liable for the full amount of withdrawal liability assessed at $38,812.00, together with interest due calculated from the December 15, 2016 due date.

WHEREFORE, Plaintiffs request the following relief:

A. A judgment for the Plaintiffs and against Defendant Nicholas Quality Meats, Inc., for the full amount of the accelerated withdrawal liability assessed of $38,812.00 together with interest calculated from December 15, 2016.

B. Pursuant to 29 U.S.C. § 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys' fees.

C. Such further or different relief as the court deems just and proper to protect the assets of the Pension Fund.

Respectfully Submitted,

s/ Alexander Isaac Rosenthal
*Attorney for the Plaintiff*

Alexander Isaac Rosenthal (#6310040)
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson, Ste. 1900
Chicago, Illinois 60606
T: 312-263-1500
F: 312-263-1520
E: AR@ulaw.com